**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| **PAUL GEORGE PETERSON**, | |
| Plaintiff, | No. 12-CV-4082-DEO |
| vs. | ORDER |
| **MISTY GRAY, CHET HARTWELL, III, RAY EICKHOLT**, | |
| Defendant. | |

## I. INTRODUCTION

Presently before the Court is a pro se Complaint filed by Paul Peterson [hereinafter Mr. Peterson]. Mr. Peterson filed his pro se Complaint along with a Motion to Proceed in Forma Pauperis on September 7, 2012. Docket No. 1. On September 17, 2012, Magistrate Judge Leonard Strand granted Mr. Peterson's Motion to Proceed in Forma Pauperis. Docket No. 2. On that same date, the Clerk of Court's Office issued Mr. Peterson a Summons to serve on the named Defendants. Docket No. 4. Shortly thereafter, Mr. Peterson filed a Motion for Preliminary Injunction. Docket No. 5.

There is no indication in the record that Mr. Peterson has served the Defendants, and the case has been idle for nearly a year and half.

## II. HISTORY

This is not Mr. Peterson's first suit against state actors from in and around Storm Lake, Iowa, including members of the Storm Lake Police Department. On January 23, 2008, Mr. Peterson filed a pro se Motion to Proceed in Forma Pauperis in case 08-CV-4005-DEO. On that same date, Magistrate Judge Paul Zoss granted the Motion and filed Mr. Peterson's Complaint. After several status updates, Mr. Peterson filed an Amended Complaint. Magistrate Zoss conducted an initial review, allowing some claims to proceed while dismissing others, on March 25, 2008. See 08-CV-4005, Docket No. 14. Judge Bennett adopted Magistrate Zoss' Order on April 23, 2008. 08-CV-4005, Docket No. 18. Numerous Motions followed, including a pro se interlocutory appeal that was quickly denied by the 8th Circuit Court of Appeals. 08-CV-4005, Docket No. 34. Various pro se filings were considered by Judge Bennett and Magistrate Zoss over a number of years. On March 26, 2010, Judge Bennett recused himself from the case and reassigned it to the undersigned Judge. 08-CV-4005, Docket No. 124.

On August 10, 2010, this Court, sua sponte, appointed attorney Jason Finch to represent Mr. Peterson pro bono.

After Mr. Finch was appointed, the case proceeded for several more years, through a variety of legitimate motions and frivolous pro se filings, until a settlement agreement was reached and executed by the parties. Pursuant to that settlement, the parties stipulated to the cases' dismissal on March 7, 2014.

## III. ANALYSIS

As noted above, the present case has set idle for over a year. Mr. Peterson failed to serve the Complaint on the Defendants.[1] The Defendants have not filed a response, and, likely, are unaware of the case's existence.

Under Federal Rule of Civil Procedure 4, Mr. Peterson had 120 days to serve the Complaint. See also Kurka v. Iowa Cnty., Iowa, 628 F.3d 953, 955 (8th Cir. 2010), stating, "Rule 4(m) required [the Plaintiff] to serve process upon the

---

[1] The Court acknowledges several telephone calls from Mr. Peterson to the Clerk of Court's office wherein he indicated it was his belief he needed to obtain various transcripts from hearings in the 08-CV-4005-DEO case before he could proceed to serve the defendants in the (instant) 12-CV-4082-DEO case. The Court further acknowledges that it received verification that Mr. Finch did secure and provide the requested transcripts to Mr. Peterson in 2013. However, even after receiving requested transcripts, no service was implemented.

3

[Defendant] within 120 days of filing the complaint. Fed. R. Civ. P. 4(m)." Mr. Peterson has failed to serve the Defendants or otherwise advance this action. Accordingly, the Court is persuaded that Mr. Peterson's Complaint must be dismissed. See Fed. R. Civ. P. 41(b); see also Wynn v. Gateway 2000, Inc., 18 F. App'x 449, 450 (8th Cir. 2001), stating, "[g]iven [the Plaintiff's] complete failure to prosecute, we find no abuse of discretion in the dismissal of the complaint..."

For the foregoing reasons, the Court is persuaded that Mr. Peterson's case, including the pending Complaint and Motion for Injunction, must be dismissed.[2]

**IT IS SO ORDERED** this 17th day of March, 2014.

*Donald E. O'Brien*
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

---

[2] The Court notes that most, if not all, of Mr. Peterson's present Complaint and Motion for Injunctive Relief deal with issues related to Mr. Peterson's prior case, 08-CV-4005. Accordingly, the Court hopes that because the prior case has settled, the issues contained in the present case have been rendered moot.

4